Scott, J.
We cannot agree with counsel for defendant in error, that the contract sued upon in this case was void for want of consideration. Whether, under the circumstances of this case, the- plaintiff had or had not a right to rescind the contract of exchange, when he discovered the existence of an incumbrance, unknown at the time of exchange, he was in good faith claiming such right, and undoubtedly had a right to bring suit immediately against his grantor upon the covenants in his deed of conveyance. His forbearance to assert or attempt to exercise such right for six months, and his giving Breckenridge that length of time to remove incumbrances, was clearly a sufficient consideration to support the contract upon which suit was brought.
Passing, then, to the main question in the case, as to the proper measure of damages in the action, we think it unnecessary to inquire what the rule as to damages would have been, had the action been brought upon the covenants of warranty, or of title, in the deed of conveyance executed to the plaintiff by Breckenridge.
The action was not brought upon any covenants made by the grantor concurrently with the grant, in respect to the title of the land granted and conveyed; and which would have run with the land to thé assignees of the grantee; but it was brought upon a contract purely personal, executory *391 in its character, and entered into after thé title had been conveyed to the plaintiff, by the terms of which the defendant Smith, for sufficient consideration, guaranteed that Breckenridge would, within six months, cancel (that is, extinguish, or procure the discharge of) all liens upon certain premises which had been previously conveyed t© the plaintiff. This is not a covenant as to the state of the title, but an agreement to do certain acts, for the plaintiff’s benefit, within a specified time. For the breach of such an executory contract, we know of no reason why the plaintiff should not be allowed to recover such damages as are the necessary, natural, and proximate result of the breach complained of. Such is certainly the general rule, as to the measure of damages; and it would seem to rest upon principles of obvious justice. Under the state of facts which the evidence in the case tended to show, the plaintiff was guilty of no laches in respect to the lien or incumbrance through which he lost title to the Indiana land. He was not bound to take the risk of paying it off. Breckenridge denied the existence of any valid lien or incumbrance; the land lay in another State, remote from the plaintiff, and Breckenridge refusing to allow his creditor’s claim to be paid, undertook to defend against it. Failing in his defence, he permitted the land to be sold, without giving notice to the plaintiff, and without giving him any opportunity for discharging the incumbrance. This was a direct breach of the contract, of which the defendant had guaranteed the performance. As a necessary and direct consequence, the plaintiff lost the Indiana land; and its value when title to it was thus lost, with interest thereon from that time, was, as we think, the measure of damages to which he was entitled. It follows that the court of common pleas erred in the instructions given upon that subject to the jury, and in overruling the motion for a new trial.
As to the other errors assigned, we find none which we think would have required a reversal of the judgment.
Judgment of the district court and of the common pleas *392 reversed, and canse remanded to the common pleas for a new trial.
Beinkebhoff, C.J., and Welch, White, and Day, JJ., concurred.